SARAH M. NOLAND, Appellant, *v.* THOMAS H. NOLAND, Respondent.

*Practice — when a direction to pay money will not be enforced by attachment — Code of Civil Procedure, sec. 1241.*

Section 1241 of the Code of Civil Procedure, providing that a judgment may be enforced by attachment when it requires "the payment of money into court, or to an officer of the court," is not imperative, but discretionary, and the court will not grant an attachment to collect costs or alimony in divorce cases, when the party is unable to comply with the requirements of the judgment.

*It seems,* that this section only applies where the judgment requires a deposit or payment of money, other than the costs given by a final judgment, to a party or his attorney.

Appeal from an order made at a Special Term, denying a motion to punish the defendant for a contempt in refusing to pay to the plaintiff's attorney her costs of the within action.

In November, 1881, the plaintiff commenced this action against the defendant for a separation from bed and board, on the ground of the cruelty of defendant. Thereafter a decree was entered awarding to the plaintiff the relief sought and contended for. In this decree the plaintiff's costs having been taxed and having been allowed by the court at the sum of ninety-three dollars and fifty-six cents, were directed to be paid by the defendant to the plaintiff's attorney within ten days after a demand therefor. This demand was subsequently made and a refusal given.

*George E. Hyatt,* for the appellant.

*John H. Kemble,* for the respondent.

Barnard, P. J.:

Section 1241 of the Code does not provide for this case. Section 1240 defines the cases where the enforcement of a judgment may be by execution. Section 1241 enacts that a judgment may be enforced by attachment when the judgment requires "the payment of money into court or to an officer of the court." The judgment in this case is final and it directs the payment of the costs to the attorney. The attorney is an officer of the court, and therefore an

attachment is asked. The judgment is informal. It should have given costs to the party. The attorney represents the party but he has no individual standing in the judgment. The rule sought to be applied in this case would authorize an attachment for costs in all judgments. The section is, it seems to me, designed to cover those cases where the judgment requires a deposit or payment of money other than costs given by a final judgment to the party or to his attorney, even if this is not the true construction, the order should be affirmed. The plaintiff has issued an execution and has failed to collect the same. The right to an attachment in any case under this section 1241, is not imperative but discretionary. (*Cochrane's Exr.,* v. *Ingersoll,* 73 N. Y., 613.) We have repeatedly held that an attachment would not be granted to collect costs or alimony in divorce cases when the party is unable to comply with the demand. Imprisonment and consequent disgrace should not be put upon a person who is too poor to pay.

Order affirmed, with costs and disbursements.

DYKMAN and PRATT, JJ., concurred.

Order refusing to commit defendant for contempt affirmed, with costs and disbursements.